**In re UNITED STATES ABATEMENT CORPORATION, a/k/a USA Corporation, FID 72–1100276.**

**UNITED STATES ABATEMENT CORPORATION**

v.

**MOBIL EXPLORATION & PRODUCING U.S., INC., et al.**

**Civ. A. No. 93–386.**

United States District Court, E.D. Louisiana.

Aug. 3, 1993.

---

Richard W. Martinez, Tranchina & Martinez, New Orleans, LA, for appellant U.S. Abatement Corp.

James D. McMichael, Sherman Gene Fendler, Philip Kirkpatrick Jones, Jr., and Cheryl Mollere Kornick, Liskow & Lewis, New Orleans, LA, for appellees.

## ORDER AND REASONS

CLEMENT, District Judge.

Debtor United States Abatement Corporation's appeal of the Bankruptcy Court's November 13 and December 1, 1992 orders was considered this date on memoranda. For the reasons stated below, the Bankruptcy Court's ruling is AFFIRMED, and the appeal is DISMISSED.

## BACKGROUND

Mobil Exploration & Producing U.S., Inc., Mobil Exploration & Producing Southeast Inc., and Mobil Exploration & Producing North America, Inc. (collectively, Mobil) brought a complaint for interpleader, declaratory relief, indemnity, injunctive relief and damages on November 28, 1990. Civ. No. 90–4678. The dispute arises out of two contracts between Mobil and United States Abatement Corporation (USA), for painting and sandblasting structures on the Outer Continental Shelf. On October 2 and 10, 1990, Mobil terminated the contracts. In the civil action, Mobil named as defendants USA, Delta Bank and Trust Company (Delta), an assignee of USA's accounts receivable, and the various unpaid subcontractors and vendors (lien claimants). USA and the lien claimants filed counterclaims against Mobil for amounts due under the contracts and subcontracts.

On March 13, 1992, USA filed a Voluntary Petition for Relief under Chapter 11 of the Bankruptcy Code. On June 15, 1992, USA filed a complaint for equitable subordination of Mobil's claims against USA, under 11 U.S.C. § 510(c), seeking to give priority to the claims of other creditors.

On July 31, 1992, Mobil filed a motion to dismiss USA's claim. On November 13, 1992, the Bankruptcy Court granted Mobil's motion to dismiss. The Bankruptcy Court did not provide written reasons for its ruling, but did state its reasons in open court. On November 30, 1992, USA filed a motion for reconsideration. On December 1, 1992, the Bankruptcy Court denied USA's motion. On December 17, 1992, USA filed its notice of appeal.

## ANALYSIS

The Fifth Circuit has held that there are three prerequisites for a claim of equitable subordination:

(1) The claimant must have engaged in one of three general categories of inequitable conduct:

(a) fraud, illegality or breach of fiduciary duties;

(b) undercapitalization; or

(c) a claimant's use of the debtor as a mere instrumentality or alter ego;

(2) The claimant's misconduct must have injured the other creditors of the debtor or conferred on the claimant an unfair advantage over the other creditors of the debtor; and

(3) The equitable subordination must not be inconsistent with the Bankruptcy Code.

*In re Fabricators, Inc.*, 926 F.2d 1458, 1464–65 (5th Cir.1991); *In re Clark Pipe & Supply Co.*, 893 F.2d 693, 699 (5th Cir. 1990).

The Bankruptcy Court noted that USA failed to establish a type of inequitable conduct that gives rise to an equitable subordination claim. USA conceded that Mobil did not engage in "fraud, illegality or breach of [any] fiduciary duties," and that Mobil was not undercapitalized. USA sought to satisfy the inequitable conduct prong by establishing Mobil's control over USA. The Bankruptcy Court rejected this argument, noting that USA had failed to submit any authorities suggesting that a creditor's mere failure to pay an obligation due the debtor could be construed as the type of "control" sufficient to satisfy the "inequitable conduct" prong.

The Bankruptcy Court ruled correctly. USA has still failed to cite any authorities in support of the proposition that failure to pay a debt due can constitute control. Mobil has not used USA "as an instrumentali-

**592**

ty" or otherwise exercised "such total control over [USA] as to have essentially replaced its decision-making capacity with that of" Mobil. *Clark Pipe,* 893 F.2d at 701, 699. *See also In re Heartland Chemicals,* 136 B.R. 503, 517 (Bankr.C.D.Ill.1992) (creditor must "exercise dominion and control over day-to-day management" of the debtor); *In re Osborne,* 42 B.R. 988, 997 (W.D.Wis.1984) (creditor must "exercise virtually complete control to be treated as a fiduciary"). Although the allegations in USA's complaint indicate that Mobil was in a position to exert some influence over USA by virtue of their contractual relationship, it is clear that Mobil did not exercise the degree of control necessary to support an equitable subordination claim by USA.

■ USA further contends that the Bankruptcy Court erred in not allowing it to amend its complaint for equitable subordination. However, the bankruptcy judge stated that he was granting Mobil's motion to dismiss USA's complaint, "even as amended." Although the Bankruptcy Court never formally permitted USA to amend its complaint, the issue was rendered moot by its ruling that the amendment would not save the cause of action from dismissal.

Again, the Bankruptcy Court ruled correctly. USA's amended complaint would have fortified USA's allegations of conduct by Mobil detrimental to other creditors, and may have been sufficient to survive a Rule 12(b)(6) motion on that prong. However, the proposed amendment would have done nothing to cure the insufficiency of USA's "control" allegations. The mere withholding of payments due simply does not constitute day-to-day control of the debtor enterprise.

Accordingly, the Court need not reach the questions of whether Mobil's conduct disadvantaged other creditors or gave Mobil an unfair advantage, or whether equitable subordination would be inconsistent with the Bankruptcy Code in this case.

### CONCLUSION

For the reasons stated above,

IT IS ORDERED that the Bankruptcy Court's ruling is AFFIRMED, and the appeal is DISMISSED.